UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-21538-CIV-HUCK/O'SULLIVAN

GLENN J. WEBER, P.A.,
Plaintiff,

v.

ESQUIRE DEPOSITION SERVICES, LLC,
Defendant.
_______________________________/

**REPORT AND RECOMMENDATION**

THIS MATTER came before the Court on the Defendant's Motion for Attorneys' Fees and Costs (DE# 69, 3/15/10). This matter was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable Paul C. Huck, United States District Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636(b). Having carefully considered the filings incident to the instant matter together with the applicable law, the undersigned respectfully recommends that the Defendant's Motion for Attorneys' Fees and Costs (DE# 69, 3/15/10) be **DENIED**.

**BACKGROUND**

The plaintiff, Glenn J. Webber, P.A. filed the complaint in this lawsuit against the defendant on June 9, 2009, (DE # 1). The complaint stated that this case "is a class action arising out of Defendant's unfair and deceptive trade practices in charging, overcharging, billing and/or collecting fees for multi-page computer generated word indexes related to transcripts of depositions, hearings, or other proceedings." Complaint at para 1. The Complaint was brought "on behalf of all persons and entities in Florida who or which, during the four years prior to the filing of this action and during

the pendency of this action (the 'class period'), paid for a word index for a transcript at the per page rate charged by Defendant for transcription services." Complaint at para.2.

On December 11, 2009, the plaintiff filed the Motion to Amend the Complaint (DE # 30) in order to add David Starnes as a class plaintiff in this matter. The Amended Complaint was entered on January 6, 2010, (DE # 40). The plaintiff's response to the instant motion states that in the Motion for Class Certification, the plaintiff defined the proposed class in this case as follows:

> All persons and entities who or which, for the four years prior to filing of this action and during the pendency of this action (the "class period") paid for a word index to a transcript and did so at a transcription per page rate in connection with court reporting services by Defendant in Florida. The class excludes counsel representing the class.

Plaintiff's Response in Opposition to Defendant's Motion for Attorneys' Fees and Costs, (DE # 93, 4/1/10) at pp. 3-4. The deposition of Mr. Starnes was taken on January 19, 2010. Plaintiff's Response in Opposition to Defendant's Motion for Attorneys' Fees and Costs, (DE # 93, 4/1/10) at p.4.

According to the defendant, Mr. Starnes "currently and at all times relevant to his underlying lawsuit resided in Memphis, Tennessee." Defendant's Memorandum in Support of its Motion for Attorneys' Fees and Costs (DE # 70, p.2) citing to the deposition of David Starnes at pp. 6, 113. The plaintiff's response to the Defendant's Memorandum in Support of its Motion for Attorneys' Fees and Costs did not dispute that Mr. Starnes currently lives in Tennessee and also resided in Tennessee at all times relevant to this lawsuit. The plaintiff's response notes that Mr. Starnes was the named

plaintiff in a case in litigation in the Southern District of Florida, that transcripts in that case were ordered and delivered in the State of Florida, that Mr. Starnes and his family lived in Florida when the incidents that were the basis of his lawsuit in the Southern District arose, and that Mr. Starnes deposition in the Southern District case was taken in Ft. Lauderdale.  Plaintiff's Response in Opposition to Defendant's Motion for Attorneys' Fees and Costs, (DE # 93, 4/1/10) at p.3.  On February 3, 2010, the plaintiff's attorney notified the defendant that the plaintiff was dismissing Mr. Starnes from the case.  Plaintiff's Response in Opposition to Defendant's Motion for Attorneys' Fees and Costs, (DE # 93, 4/1/10) at p.5.  The plaintiff filed the Plaintiff David Starnes' Motion for Voluntary Dismissal (DE # 51) on February 16, 2010.  The defendant filed a response on February 17, 2010, (DE # 53), and the plaintiff, David Starnes, filed a reply on February 23, 2010 (DE # 58).  The District Court granted the Motion for Voluntary Dismissal on February 25, 2010, (DE # 64).

The defendant filed  the Defendant's Motion for Attorneys' Fees and Costs (DE# 69) on March 15, 2010.  The plaintiff filed a response on April 1, 2010, (DE # 93) and the defendant filed a reply on April 12, 2010, (DE # 101).

The defendant contends that plaintiff's counsel should be ordered to pay its attorneys' fees pursuant to 28 U.S.C. § 1927 because the "[p]laintiff's counsel has unreasonably and vexatiously multiplied these proceedings and caused Esquire unnecessary expense by pursuing claims with David Starnes as a 'client' class representative despite evidence that Plaintiff's counsel knew or should have known that contradicted Starnes' ability to meet the definition of the class they seek to certify."  Defendant's Motion for Attorneys' Fees and Costs, (DE # 69, 3/15/10) at p. 1.  The

plaintiff claims to have had a good faith belief that David Starnes fit within the class definition because he was the named plaintiff in a case in the Southern District of Florida. The plaintiff points out that the defendant did not invoke Rule 11 and did not ask the plaintiff to not add Mr. Starnes nor did the defendant ask the plaintiff to immediately withdraw Mr. Starnes as a plaintiff. The defendant requests $24,361.40 in attorneys fees and costs which does not include the $3,353.83 the defendant spent preparing the instant motion.

## DISCUSSION

### I. Applicable Law: 28 U.S.C. § 1927

Title 28, U.S.C. § 1927 provides courts discretion to award attorneys their fees and costs when it finds an opposing attorney has "multiplie[d] the proceedings . . . unreasonably and vexatiously." 28 U.S.C. § 1927; In re TCI Ltd., 769 F.2d 441, 442 (7th Cir. 1985). "The purpose of §1927 is to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs bear them." Footman v. Cheung, 341 F. Supp.2d 1218, 1223 (M.D. Fla. 2004). "Section 1927 'does not distinguish between winners and losers, or between plaintiffs and defendants. . . . [i]t is concerned only with limiting the abuse of court processes.'" Id. (quoting Roadway Express v. Piper, 447 U.S. 752, 762)

The Eleventh Circuit has stated that Section 1927 allows courts to "assess attorney's fees against litigants, counsel and law firms who willfully abuse the judicial process by conduct tantamount to bad faith." Avirgan v. Hull, 932 F.2d 1572, 1582 (11th Cir. 1991); see also Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1180 (holding that

section 1927 requires "objective frivolity [and] a finding that counsel engaged in conduct that was at least 'tantamount to bad faith'").

Section 1927 is not a "catch all" provision designed to serve as a basis for sanctioning any and all attorney conduct courts want to discourage. Peterson v. BMI Refractories, 124 F.3d 1386, 1396 (11th Cir. 1997). The provisions of Section 1927, "being penal in nature, must be strictly construed." Id, at 1395. (citing Monk v. Roadway Express, Inc., 599 F.2d 1378, 1382 (5th Cir. 1979) *aff'd sub nom* Roadway Express, Inc. v. Piper, 447 U.S. 752 (1980)).

In the instant case, the defendant accuses the plaintiff's counsel of violating 28 U.S.C. § 1927. Having reviewed the defendants' motion, plaintiff's responses thereto, and the defendants' reply, the undersigned finds that the plaintiff's conduct, does not warrant an award of fees pursuant to Section 1927. Had this matter been brought pursuant to Rule 11 the defendant would have been required to give the plaintiff 21 days notice to remedy the situation. Within two (2) weeks of Mr. Starnes' deposition, when it became apparent that Mr. Starnes was an inadequate class representative, the plaintiff notified the defendant that it would voluntarily dismiss Mr. Starnes.

There was no objective bad faith on the part of the plaintiff's counsel. The conduct of plaintiff's counsel was not reckless nor was it intentional. The conduct was possibly negligent, but negligence is not enough to award fees against counsel under 28 U.S.C. § 1927. The new plaintiff, Mr. Starnes, was voluntarily dismissed from the case once plaintiff's counsel became aware of Mr. Starnes status. Accordingly, the undersigned does not find the requisite bad faith on the part of the plaintiff's counsel and recommends the denial of the Defendant's Motion for Attorneys' Fees and Costs

(DE# 69, 3/15/10).

## RECOMMENDATION

In accordance with the foregoing Report and Recommendation, the undersigned respectfully recommends that the Defendant's Motion for Attorneys' Fees and Costs (DE# 69, 3/15/10) be **DENIED**.

The parties have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Paul C. Huck, United States District Court Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED, in Chambers, at Miami, Florida, this 3rd day of June, 2010.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Huck
All Counsel of Record